Angel Rolando **PINEDA ALCAZAR**, Petitioner,

v.

Peter D. **KEISLER**,* Acting Attorney General, Respondent.

No. 06–72270.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Sept. 28, 2007.

Angel Rolando Pineda Alcazar, Perris, CA, pro se.

CAC–District, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**562**

Civil Division, Washington, DC, for Respondent.

Before: CANBY, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Angel Rolando Pineda Alcazar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's finding that Pineda Alcazar did not establish past persecution because the harm he suffered did not rise to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995). Pineda Alcazar's claim of a well-founded fear of future persecution fails because it is based on civil strife and widespread random violence, and any harm to his father is unrelated to his claim. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000); *see also Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991). Accordingly, we deny Pineda Alcazar's asylum claim.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

Because Pineda Alcazar failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

Pineda Alcazar's contention that the BIA's adoption and affirmance of the IJ's decision is a violation of due process also fails. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). The BIA expressly stated that it relied on the IJ's thorough and well-reasoned decision as to Pineda Alcazar's asylum and withholding of removal claims as required. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir.2005).

**PETITION FOR REVIEW DENIED.**